BENJAMIN PULSIFER *vs.* ISAAC PULSIFER.

Androscoggin, 1876.—June 5, 1877.

*Promissory Notes.*

An action will not be sustained on a witnessed promissory note, commenced twenty years after the cause of action accrues, where there had been no new promise or partial payments.

The statute of twenty years limitation, R. S., c. 81, § 86, is a bar to a witnessed promissory note.

ON EXCEPTIONS.

ASSUMPSIT on an account annexed, and a count for money had and received.

To sustain the count for money had and received, the plaintiff offered two notes, signed by the defendant and witnessed. One of the notes was dated August 31, 1836, payable on demand; and the other was dated Sept. 12, 1836, payable in six months. The statutes of limitations were pleaded—both the six years and the twenty years limitations.

The presiding justice ruled that the lapse of time was not a bar to the plaintiff's recovering upon the notes; but was only *prima facie* evidence of payment, which might be rebutted by proof that they had not been paid.

To which ruling the defendant excepted.

*A. M. Pulsifer, W. W. Bolster & J. R. Hosley,* for the defendant.

The cause of action on the first note named in the report accrued August 31, 1836; on the second, March 12, 1837. The writ was dated February 23, 1875, thirty-eight years, five months and twenty-two days after the first note became payable, and thir-

ty-seven years, eleven months and eleven days after the maturity of the second note.

The statute of limitations in force when the remedy is sought, and not that existing when the contract was made, must govern the remedy. *Sampson* v. *Sampson*, 63 Maine, 229.

Witnessed notes, after the lapse of twenty years from the time they become payable, are barred by the statute of limitations. *Joy* v. *Adams*, 26 Maine, 330. *Howe* v. *Saunders*, 38 Maine, 350. *Lincoln Academy* v. *Newhall et al.*, 38 Maine, 179, 182, 183. R. S., c. 81, § 86.

Witnessed notes secured by mortgage of real estate are barred by our statute of limitations in twenty years after they become payable, while the mortgage security is not deemed to be within any branch of the statute of limitations. The lapse of twenty years from the accruing of the indebtment is only a presumption that the mortgage had been satisfied, which may be removed by circumstances tending to produce a contrary presumption. *Joy* v. *Adams*, 26 Maine, 330 (see pp. 332, 333.)

The twenty years limitations in R. S., c. 81, § 86, is an absolute bar to an action upon promissory notes signed in the presence of an attesting witness, as defined in section 83 of the same chapter. *Brewer* v. *Thomes*, 28 Maine, 81, 84.

Had the legislature intended the six and the twenty years limitations mentioned in R. S., c. 81, §§ 79, 83, 86, as presumptions or proof of *prima facie* payments on the contracts and causes of action named in these sections, it would have used language similar to that used in section ninety-seven relative to judgments and decrees of the court of record of the United States, or any state or of a trial justice, which, as the section reads, "shall be presumed to be paid and satisfied at the expiration of twenty years after any duty or obligations accrued by virtue of such judgment or decrees."

If the plaintiff would avoid the statute bar, he must prove a new promise within twenty years next preceding the date of his writ.

*D. Dunn*, for the plaintiff, cited the statement of Shepley, C. J., from the opinion of the court in *Howe* v. *Saunders*, 38 Maine, 350. "The only limitation applicable to this note is that of twenty years. The application of that limitation, as an effectual bar,

may be avoided by proof that would rebut the presumption arising from the common law after the lapse of twenty years."

VIRGIN, J. This being an "action on a promissory note signed in the presence of an attesting witness," by the express terms of R. S., c. 81, § 83, none of the limitations provided in §§ 79 to 83, apply to it.

It is, however, subject to the general twenty years limitation of § 86, inasmuch as it is a "personal action on a contract, not limited by any of the foregoing sections or other law of the state."

Section 85, unlike § 97, (pertaining to actions on judgments of certain courts therein specified) is not founded upon a presumption of payment liable to be rebutted by evidence ; but its object, based on public policy, is to close the judicial tribunals against all contracts therein described commenced after the cause of action is twenty years old. The language is peremptory, that the action "shall be commenced within twenty years after the cause of action accrues." The phrase "and not afterwards" found in § 79 adds nothing ; and if it were appended to § 86 would not affect its meaning ; for as now expressed it is equivalent to a provision that no action shall be commenced after twenty years. In the absence of any partial payment, the twenty years begin to run from the time when the note is payable ; but when such a payment has been made, whether indorsed or not, then, so far as the one who made the payment is concerned, the limitation re-commences at the date of that. *Estes* v. *Blake*, 30 Maine, 164. *Howe* v. *Saunders*, 38 Maine, 350. *Quimby* v. *Putnam*, 28 Maine, 419. *Sibley* v. *Lumbert*, 30 Maine, 253. *Evans* v. *Smith*, 34 Maine, 33. R. S., c. 81, § 96.

In an action of debt upon a judgment, to which the statute of limitations was pleaded, this court said : "If the legislature had intended the presumption should stand uncontrolled by the evidence, it would have fixed an absolute bar of twenty years, by way of limitation, as it has done by § 11, (§ 86 present revision,) of the same chapter, in relation to actions on contracts, not limited by any of the other foregoing sections, or any other law of the state." *Brewer* v. *Thomes*, 28 Maine, 81, 84.

So in a writ of entry brought upon a mortgage of real estate, given to secure certain promissory notes, Whitman, C. J., said :

"The defense rest upon the presumption of payment by the mortgageors, arising from the lapse of time since the debt secured by the mortgage became payable. The notes given therefor, although witnessed, are unquestionably barred by our statute of limitations. c. 146, § 11," (§ 86 present revision.) *Joy* v. *Adams*, 26 Maine, 332.

In *Howe* v. *Saunders*, 38 Maine, 352, Shepley, C. J., intimates a different view by saying : "The only limitation applicable to this note, is that of twenty years, § 11. The application of that limitation, as an effectual bar, may be avoided by proof that would rebut the presumption arising from the common law after the lapse of twenty years ;" and he cites two cases of actions brought on judgments. These cases could not support the proposition, however, for they gave a construction to § 97 pertaining to, actions on judgments. And the next succeeding sentence in the opinion referred to, shows that the eminent jurist who wrote it did not intend to express his deliberate judgment upon this question. At best it was a *dictum*, the question then before the court being as to the effect of a partial payment.

The provision now under consideration first appeared in the statute in this state in the revision of 1841. A similar provision first appeared in Massachusetts, in the revision of the statutes of that commonwealth adopted in 1836. It was added by the legislature, after the draft of the commissioners had been submitted to the legislature by the legislative committee. *Von Hemert* v. *Porter*, 11 Met. 210, 216. And whenever the provision has been before the court there, it has been considered an absolute bar. *Denny* v. *Eddy*, 22 Pick. 533, 534. *Gray* v. *Bowden*, 23 Pick. 282. *Clark* v. *Swift*, 3 Met. 390. *Bancroft* v. *Andrews*, 6 Cush. 493. *Prescott* v. *Reed*, 8 Cush. 365, 366.

*Exceptions sustained.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH, PETERS and LIBBEY, JJ., concurred.